**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

INDIANA STATE COUNCIL OF )
CARPENTERS PENSION FUND *et al.*, )
 )
 Plaintiffs, )
 )
 vs. )  Case No.: 1:24-cv-01824-MPB-MG
 )
DIR GROUP, LLC, an Indiana limited liability )
company, )
 )
 Defendant. )

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND, ("collectively, the "Trust Funds") and the CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS  ("Union") (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, submit this Memorandum in Support of their Motion for Summary Judgment against Defendant DIR GROUP, LLC ("DIR Group") pursuant to S.D. Ind. L.R. 56-1(a) as follows:

**INTRODUCTION**

On October 14, 2024, Plaintiffs filed their Complaint in the instant lawsuit against Defendant DIR Group, pursuant to Sections 502 and 515 of the Employee Retirement Income

Page 1 of 14

Security Act of 1974 ("ERISA") (29 U.S.C. § 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). (Docket No. 1). On February 13, 2025, Defendant DIR Group filed its Answer to Plaintiffs' Complaint. (Docket No. 16).

Plaintiffs are entitled to an entry of summary judgment against Defendant DIR Group as a matter of law because it is undisputed that Defendant DIR Group failed to pay contributions and wage deductions to Plaintiffs for the period of January 13, 2023, through December 31, 2023, and failed to pay interest to Plaintiffs assessed based on its untimely contribution payments for the months of May 2024 and June 2024, which constitutes a breach of the Union's collective bargaining Agreements ("CBAs") and the Trust Funds' respective Agreements and Declarations of Trust ("Trust Agreements").

## **STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1.   The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Trust Agreements. (Def.'s Ans. To Pls.' Cmpl. ¶ 4 [Docket No. 16]).

2.   The Trust Funds receive contributions from numerous employers pursuant to CBAs, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002(37). (Def.'s Ans. To Pls.' Cmpl. ¶ 3 [Docket No. 16]).

3.   The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district. (Def.'s Ans. To Pls.' Cmpl. ¶ 6 [Docket No. 16]).

4.   The Union is the bargaining representative of DIR Group's bargaining unit employees. (Def.'s Ans. To Pls.' Cmpl. ¶ 7 [Docket No. 16]).

5.   The Trust Funds serve as the collection agent for contributions and wage deductions owed to the Union. (Amanda Hall Decl. ¶ 3; **Ex. 1**).

6.   DIR Group is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. (Def.'s Ans. To Pls.' Cmpl. ¶ 8 [Docket No. 16]).

7.   Through a Memorandum of Agreement ("MOA"), DIR Group agreed to be bound by the Union's CBAs. (Def.'s Ans. To Pls.' Cmpl. ¶ 11 [Docket No. 16]).

8.   Through the MOA and CBAs, DIR Group agreed to be bound by the Trust Funds' respective Trust Agreements. (Def.'s Ans. To Pls.' Cmpl. ¶ 12 [Docket No. 16]).

9.   The provisions of the CBAs and Trust Agreements require DIR Group to make monthly reports of hours worked by covered employees ("monthly remittance reports") and pay contributions to the Trust Funds and contributions and wage deductions to the Union at the negotiated rates by the twentieth (20th) day following the month in which the work is performed. (Def.'s Ans. To Pls.' Cmpl. ¶ 13 [Docket No. 16]).

10.   The Trustees of the Trust Funds adopted the Collection and Payroll Audit Policy ("Collection/Audit Policy"), which governs the collection of delinquent employer contributions and the performance of payroll compliance audits. (Def.'s Ans. To Pls.' Cmpl. ¶ 14 [Docket No. 16]).

11.   Pursuant to 29 U.S.C. § 1132(g)(2), the Trust Agreements, and the Collection/Audit Policy, employers who fail to submit their monthly remittance reports and contributions to the Trust Funds are responsible for the payment of liquidated damages and interest, in addition to attorneys' fees and costs associated with the collection of the delinquent contributions. (Def.'s Ans. To Pls.' Cmpl. ¶ 15 [Docket No. 16]).

12.   Section E(3) of the Collection/Audit Policy provides in relevant part that:

> The contractor shall be liable for the costs of the audit for contribution variances that equal or exceed the greater of $1,000 or five percent (5%) of the required contributions for the audited period. The contractor may also be held liable for the audit costs when the auditor determines in his/her discretion that the contractor failed to cooperate with the auditor resulting in more time being expended by the auditor than reasonably expected.

(Amanda Hall Decl. ¶ 4; **Ex. 1**).

13.    Section E(4) of the Collection/Audit Policy provides in relevant part that a "ten percent (10%) late fee/interest per year or partial year and a one-time ten percent (10%) liquidated damages charge shall be assessed to all principal variances found by the payroll audit." (Amanda Hall Decl. ¶ 5; **Ex. 1**).

14.    The Trust Funds engaged L.M. Henderson & Company, LLP ("LMH") to review Defendant DIR Group's compliance with its contractual obligations under the CBAs and Trust Agreements. (Amanda Hall Decl. ¶ 6; **Ex. 1**).

15.    LMH completed an audit of Defendant DIR Group's books and records for the period of January 13, 2023, through December 31, 2023 (the "Audit"). (Def.'s Ans. To Pls.' Cmpl. ¶ 16 [Docket No. 16]).

16.    The Audit revealed that Defendant DIR Group owed the Trust Funds $67,947.63 in contributions, $6,794.76 in liquidated damages, $13,589.53 in interest, and $1,500 in audit fees. (Amanda Hall Decl. ¶ 8; **Ex. 1**); (Michelle Zimmerman Decl. ¶ 4; **Ex. 2**).

17.    Based on the Audit's finding that DIR Group failed to report 4,035.30 hours worked by its bargaining unit employees to the Trust Funds, DIR Group owes the Union $12,590.88 in contributions and wage deductions. (Amanda Hall Decl. ¶ 9; **Ex. 1**); (Michelle Zimmerman Decl. ¶ 3; **Ex. 2**).

18.    LMH's fee for performing the Audit was $1,500. (Michelle Zimmerman Decl. ¶ 5; **Ex. 2**).

19. After initiating this lawsuit, Plaintiffs received a check in the amount of $10,000.00 from Philadelphia Indemnity Insurance Company, the surety company for Bond No. PB12237402017 (the "Bond Payment"). (Amanda Hall Decl. ¶ 10; **Ex. 1**).

20. The Bond Payment was applied toward contributions deficiencies identified by the Audit, reducing the contributions owed to the Trust Funds to $57,947.63. (Amanda Hall Decl. ¶ 11; **Ex. 1**).

21. Defendant DIR Group failed to timely remit contributions and wage deductions to Plaintiffs for the months of May 2024 and June 2024. (Amanda Hall Decl. ¶ 12; **Ex. 1**).

22. As a result of DIR Group's failure to timely remit contributions and wage deductions to Plaintiffs for the months of May 2024 and June 2024, DIR Group owes Plaintiffs interest in the aggregate amount of $1,145.09. (Amanda Hall Decl. ¶ 13; **Ex. 1**).

23. Defendant DIR Group owes Plaintiffs the aggregate known amount of $93,567.89, itemized below:

| Type: | Amount: |
|---|---|
| Contributions owed to the Trust Funds | $57,947.63 |
| Contributions/Deductions owed to the Union | $12,590.88 |
| Liquidated Damages | $6,794.76 |
| Interest | $14,734.62 |
| Audit Fees | $1,500.00 |
| **Total:** | **$93,567.89** |

(Amanda Hall Decl. ¶ 14; **Ex. 1**).

## STANDARD OF REVIEW

Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The initial burden is on the moving

party to establish that there is no genuine issue of material fact. *Id*. at 330-331. If this burden is overcome, the burden shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue of material fact exists for trial when a reasonable jury could return a verdict for the non-movant. *Id*. at 248. The court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in favor of that party. *Id*. at 255. However, if the evidence is merely colorable, or is not significantly probative, or merely raises "some metaphysical doubt as to the material facts," summary judgment may be granted for the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A scintilla of evidence in support of the non-movant's position is not sufficient to successfully oppose a summary judgment motion. *Anderson*, 477 U.S. at 250. "There must be evidence on which the fact finder could reasonably find for the non-movant." *Id*.

## ARGUMENT

This Court should enter summary judgment in favor of Plaintiffs and against Defendant DIR Group because it is undisputed that DIR Group breached the terms of the Union's CBAs and the Trust Funds' Trust Agreements to which it is bound by failing to pay all of the contributions and wage deductions owed. Therefore, DIR Group is liable to Plaintiffs for the unpaid contributions, wage deductions, liquidated damages, interest, and audit fees revealed by the Audit, as well as the interest owed for untimely May 2024 and June 2024 contributions and wage deductions and Plaintiffs' reasonable attorneys' fees and costs. Accordingly, this Court should enter summary judgment in favor of Plaintiffs and against Defendant DIR Group because there are no genuine issues of material fact, and Plaintiffs are entitled to judgment as a matter of law.

I.  **DIR GROUP IS OBLIGATED TO PAY CONTRIBUTIONS TO THE TRUST FUNDS AND CONTRIBUTIONS AND WAGE DEDUCTIONS TO THE UNION.**

The Trust Funds were established and are administered pursuant to the terms of certain Trust Agreements and receive contributions from numerous employers under CBAs and are therefore multiemployer benefit plans as defined by 29 U.S.C. § 1002(37). (Pls.' Statement of Material Facts Not in Dispute ("PSMF") ¶¶ 1-2). The Union is a labor organization whose duly authorized officers and agents represent and act on behalf of its employee members and is the bargaining representative of DIR Group's bargaining unit employees. (PSMF ¶¶ 3-4). The Trust Funds serve as the collection agent for contributions and wage deductions owed to the Union. (PSMF ¶ 5).

Defendant DIR Group is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. (PSMF ¶ 6). Through an MOA with the Union, DIR Group is bound by the Union's various CBAs. (PSMF ¶ 7). Through the MOA and CBAs, DIR Group is also bound to the Trust Funds' respective Trust Agreements. (PSMF ¶ 8). The provisions of the CBAs and Trust Agreements require DIR Group to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds and wage deductions to the Union at the negotiated rates by the twentieth (20th) day following the month in which the work is performed. (PSMF ¶ 9). Pursuant to the Collection/Audit Policy adopted by the Trustees of the Trust Funds, Employers who fail to submit their monthly remittance reports and contributions to the Trust Funds are responsible for payment of liquidated damages equal to ten percent (10%) of the amount unpaid, interest at the rate of ten percent (10%) per year, plus any reasonable attorneys' fees and costs associated with the collection of the delinquent contributions. (PSMF ¶¶ 10, 11, 13).

In accordance with the obligations detailed above, it is undisputed that DIR Group is

required to remit contributions and wage deductions to Plaintiffs for work performed within the Union's jurisdiction, and failure to do so in a timely fashion requires DIR Group to pay liquidated damages, interest, and attorneys' fees.

**II.    DIR GROUP BREACHED THE TERMS OF THE CBAs AND TRUST AGREEMENTS BY FAILING TO PAY CONTRIBUTIONS AND WAGE DEDUCTIONS TO PLAINTIFFS.**

Section 515 of ERISA "requires employers to comply with the terms of their agreements to make contributions to funds." *Central States, Southeast & Southwest Areas Pension Fund v. Transport, Inc.*, 183 F.3d 623, 627 (7th Cir. 1999); 29 U.S.C. § 1145. "When employers fail to [pay contributions], the employee benefit fund is entitled to judgment under Section 1132(g)(2) of ERISA." *Operating Eng'rs Local 139 Health Benefit Fund v. Great Lakes Excavating, Inc.*, No. 09-CV-797, 2010 U.S. Dist. LEXIS 71845, at *4 (E.D. Wis. June 16, 2010). Here, the undisputed facts demonstrate that Defendant DIR Group is bound to the MOA, CBAs, and Trust Agreements and failed to pay contributions and wage deductions to Plaintiffs as required by said agreements. Therefore, Defendant DIR Group undoubtedly breached the CBAs and Trust Agreements by failing to pay contributions and wage deductions to Plaintiffs. Accordingly, Plaintiffs are entitled to damages as set forth below due to Defendant DIR Group's breach of the CBAs and Trust Agreements, and because there is no question of material fact which precludes summary judgment in favor of Plaintiffs.

**A.    DIR Group Owes Plaintiffs Contributions and Wage Deductions for the Period of January 13, 2023, through December 31, 2023, as Revealed by the Audit.**

Where a fund's auditor has examined an employer's records and concluded that the employer failed to make all required contributions due under the CBA, the fund is entitled to summary judgment in the amount specified, unless the employer establishes a genuine issue of

material fact. *Laborers' Pension Fund v. RES Envtl. Servs.*, 377 F.3d 735, 738-39 (7th Cir. 2004). The employer bears the burden of maintaining adequate records of covered work performed and, in the absence of specific evidence to the contrary, the amounts shown in the audit are presumed to be correct. *Laborers' Pension Fund v. A & C Environmental, Inc.*, 301 F.3d 768, 782-83 (7th Cir. 2002).

The amount of Defendant DIR Group's liability is not subject to a genuine dispute. The Trust Funds engaged LMH to review DIR Group's compliance with its obligations under the CBAs and Trust Agreements. (PSMF ¶ 14). LMH completed the Audit of Defendant DIR Group's books and records for the period of January 13, 2023, through December 31, 2023. (PSMF ¶ 15). The Audit revealed that Defendant DIR Group failed to report 4,035.30 hours worked by its bargaining unit employees to the Trust Funds and Union. (PSMF ¶ 17). Based on the unreported hours, Defendant DIR Group failed to pay the Trust Funds $67,947.63 in contributions for the audit period. (PSMF ¶ 16). DIR Group also owes the Union $12,590.88 in contributions and wage deductions. (PSMF ¶ 17). In the Seventh Circuit, LMH's calculations are presumed to be correct, unless Defendant DIR Group comes forward with specific evidence to the contrary. *A & C Environmental*, 301 F.3d at 782-83.

The Trust Funds' Collection/Audit Policy provides that a contractor is liable for the costs of the audit when the contribution variance equals or exceeds the greater of $1,000 or five percent (5%) of the required contributions for the audited period. (PSMF ¶ 12). Because the Audit revealed a delinquency greater than $1,000, Defendant DIR Group is responsible for the payment of the costs of the Audit, which total $1,500. (PSMF ¶¶ 12, 18).

After initiating this lawsuit, Plaintiffs received a check in the amount of $10,000.00 from Philadelphia Indemnity Insurance Company, the surety company for Bond No. PB12237402017

(the "Bond Payment"). (PSMF ¶ 19). The Bond Payment was applied toward contributions deficiencies identified by the Audit, which reduced the contributions owed to the Trust Funds. (PSMF ¶ 20). At present, Plaintiff DIR Group owes the Trust Funds $57,947.63 in contributions and owes the Union an additional $12,590.88 in contributions and wage deductions. (PSMF ¶¶ 17, 20).

**B.      DIR Group Owes the Trust Funds Liquidated Damages and Interest as Result of Its Failure to Pay Contributions in a Timely Manner.**

Section 1132(g)(2) of ERISA provides that when a court enters judgment in favor of the ERISA plan, the Court *shall* also award:

(A)      the unpaid contributions;
(B)      interest on the unpaid contributions;
(C)      an amount equal to the greater of –
  (i)      interest on the unpaid contributions, or
  (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent…
(D)      reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E)      such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). In such cases, employers found to be liable for unpaid contributions must pay not only the unpaid contributions, but also interest, liquidated damages, and attorney fees. *Id*. Courts routinely grant judgment as a matter of law in this type of case. *See, e.g., Trs. Of the Michiana Area Elec. Workers Health & Welfare Fund v. TGB Unlimited, Inc.*, 2017 U.S. Dist. LEXIS 159747, at *19-20 (N.D. Ind. Sept. 28, 2017) (court granted summary judgment in favor of plaintiff-trustees of benefit plan where defendant-employer failed to remit contributions to the plan pursuant to the terms of a CBA).

Here, the Trust Funds' Collection/Audit Policy provides that a "ten percent (10%) late fee/interest per year or partial year and a one-time ten percent (10%) liquidated damages charge

Page 10 of 14

shall be assessed to all principal variances found by the payroll audit." (PSMF ¶ 13). For the period of January 13, 2023, through December 31, 2023, DIR Group failed to pay $67,947.63 in contributions to the Trust Funds as revealed by the Audit.  (PSMF ¶¶ 15, 16).  As a result of its failure to pay those contributions and wage deductions, DIR Group owes the Trust Funds $6,794.76 in liquidated damages and $13,589.53 in interest for the period of January 13, 2023, through December 31, 2023. (PSMF ¶¶ 15, 16). Additionally, Defendant DIR Group submitted its remittance reports for the months of May 2024 and June 2024 but failed to timely remit the corresponding payments. (PSMF ¶ 21). As a result of its failure to timely remit payment of contributions and wage deductions for the months of May 2024 and June 2024, DIR Group owes Plaintiffs $1,145.09 in interest. (PSMF ¶ 22).

Therefore, this Honorable Court should grant summary judgment in favor of Plaintiffs and against Defendant DIR Group for the $6,794.76 in liquidated damages and $13,589.53 in interest owed to the Trust Funds as revealed by the Audit, as well as the $1,145.09 owed in interest for the months of May 2024 and June 2024.

## III.   DIR GROUP IS REQUIRED TO PAY PLAINTIFFS' ATTORNEYS' FEES AND COSTS.

Defendant DIR Group is required to pay the attorneys' fees and costs expended by Plaintiffs pursuant to the Trust Agreement, Collection/Audit Policy, and 29 U.S.C. § 1132(g)(2)(D). (PSMF ¶ 11). Section 1132(g)(2) of ERISA specifically provides that "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—(D) reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D).

In this case, Plaintiffs were required to file a lawsuit to collect the monies due and owing by Defendant DIR Group. (PSMF ¶¶ 16-18, 21-22). DIR Group's failure to remit all contractually required contributions and wage deductions to Plaintiffs constitutes a breach of the CBAs and Trust Agreements, for which Plaintiffs are entitled to recoup their reasonable attorneys' fees and costs incurred. (PSMF 11). As a result, summary judgment in favor of Plaintiffs for the reasonable attorneys' fees and costs expended in the course of collection is proper. Accordingly, Plaintiffs request leave to pursue their attorneys' fees and related non-taxable expenses pursuant to Federal Rule of Civil Procedure 54(d) and S.D. Ind. L.R. 54-1.

## CONCLUSION

As set forth above, it is undisputed that Defendant DIR Group breached the terms of the MOA, CBAs, and Trust Agreements by failing to pay contributions and wage deductions to Plaintiffs during the period of January 13, 2023, through December 31, 2023, and for its failure to timely remit contributions and wage deductions for the months of May 2024 and June 2024. The breach requires not only payment of the contributions and wage deductions owed, but interest and liquidated damages assessed pursuant to the Collection/Audit Policy. Accordingly, Plaintiffs respectfully request that this Honorable Court grant summary judgment in favor of Plaintiffs and against Defendant DIR Group in the amount of $93,567.89 plus Plaintiffs' reasonable attorneys' fees and costs.

Respectfully submitted,

**INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND** *et al.*

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
JOHNSON & KROL, LLC

11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 754-8720
Facsimile: (312) 255-0449
decker@johnsonkrol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2026, a true and correct copy of **Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment** was served on Defendant's counsel of record via operation of the Court's CM/ECF system.

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
*One of Plaintiffs' Attorneys*