# EXHIBIT

# 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 1:24-cv-01824-MPB-MG |
| DIR GROUP, LLC, an Indiana limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**<u>DECLARATION OF AMANDA HALL</u>**

I, Amanda Hall, being first duly sworn upon oath, depose and state that I have personal knowledge of all facts hereinafter set forth and that, if sworn as a witness, I could competently testify thereto.

1.      I am employed by BeneSys, Inc. ("BeneSys"), which is the Third-Party Administrator for the Indiana State Council of Carpenters Pension Fund, the Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Fund, the Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund, the Indiana/Kentucky/Ohio Regional Council of Carpenters Joint Apprenticeship and Training Fund, (collectively, the "Trust Funds").

2.      I hold the title of Collections/Unallocated Supervisor for the Trust Funds.

3.      The Trust Funds serve as the collection agent for contributions and wage deductions owed to the Central Midwest Regional Council of Carpenters ("Union").

4.      Section E(3) of the Trust Funds' Collection and Payroll Audit Policy ("Collection/Audit Policy") provides in relevant part that:

> The contractor shall be liable for the costs of the audit for contribution variances that equal or exceed the greater of $1,000 or five percent (5%) of the required contributions for the audited period. The contractor may also be held liable for the audit costs when the auditor determines in his/her discretion that the contractor failed to cooperate with the auditor resulting in more time being expended by the auditor than reasonably expected.

(A true and correct copy of the Collection/Audit Policy is attached hereto as **Exhibit A**).

5. Section E(4) of the Collection/Audit Policy provides in relevant part that a "ten percent (10%) late fee/interest per year or partial year and a one-time ten percent (10%) liquidated damages charge shall be assessed to all principal variances found by the payroll audit." (**Exhibit A**).

6. The Trust Funds engaged L.M. Henderson & Company, LLP ("LMH") to review Defendant DIR Group's compliance with its contractual obligations under the collective bargaining agreements and Trust Agreements.

7. LMH conducted an audit of DIR Group's books and records for the period of January 13, 2023, through December 31, 2023 (the "Audit").

8. The Audit revealed that DIR Group owed the Trust Funds $67,947.63 in contributions, $6,794.76 in liquidated damages, $13,589.53 in interest, and $1,500 in audit fees.

9. Based on the Audit's finding that DIR Group failed to report 4,035.30 hours worked by its bargaining unit employees to the Trust Funds, DIR Group owes the Union $12,590.88 in contributions and wage deductions. (Itemization of Contributions/Deductions owed to Union attached hereto as **Exhibit B**).

10. After initiating this lawsuit, Plaintiffs received a check in the amount of $10,000.00 from Philadelphia Indemnity Insurance Company, the surety company for Bond No. PB12237402017 (the "Bond Payment").

11. The Bond Payment was applied toward contributions deficiencies identified by the Audit, reducing the contributions owed to the Trust Funds to $57,947.63.

12. Defendant DIR Group failed to timely remit contributions and wage deductions to Plaintiffs for the months of May 2024 and June 2024.

13. As a result of DIR Group's failure to timely remit contributions and wage deductions to Plaintiffs for the months of May 2024 and June 2024, DIR Group owes Plaintiffs interest in the aggregate amount of $1,145.09.

14. Defendant DIR Group owes the Trust Funds and Union the aggregate known amount of $93,567.89, itemized below:

| Type: | Amount: |
|---|---|
| Contributions owed to the Trust Funds | $57,947.63 |
| Contributions/Deductions owed to the Union | $12,590.88 |
| Liquidated Damages | $6,794.76 |
| Interest | $14,734.62 |
| Audit Fees | $1,500.00 |
| **Total:** | **$93,567.89** |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on:

3/27/26
Date

*Amanda Hall* (signature)
Amanda Hall

EXHIBIT A

**IKORCC WELFARE FUND**
**IKORCC DEFINED CONTRIBUTION PENSION TRUST FUND**
**IKORCC PENSION FUND**
**INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND**
**INDIANA CARPENTERS PENSION FUND**
**IKORCC JOINT APPRENTICESHIP AND TRAINING FUND**

## COLLECTIONS AND PAYROLL AUDIT POLICY

The Boards of Trustees of the Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund, the Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Trust Fund, Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund, Indiana State Council of Carpenters Pension Fund, Indiana Carpenters Pension Fund and the Indiana/Kentucky/Ohio Regional Council of Carpenters Joint Apprenticeship and Training Fund (the "Trust Funds") hereby resolve as follows:

### A. Third-Party Administrator's Collection Report

1. The Third-Party Administrator will report to the Boards of Trustees at their quarterly meetings the following information whenever possible:

   (a) A listing of all delinquent contractors that have not been referred to Collection Counsel for collection but are known to be delinquent or have failed to submit contribution reports for any period; and

   (b) The aggregate amount of contributions (estimated if no contribution reports), liquidated damages and/or late fee/interest owed by each such delinquent contractor.

### B. Collection Procedures

1. **Administrative Collection.** For every delinquent contractor, including a contractor that fails to submit monthly contribution reports for any period, the Third-Party Administrator will attempt to make the following administrative collection efforts:

   (a) **First Notice – 2% Late Fee/Interest.** Send an initial delinquency notice to the contractor within two (2) weeks of the original due date specifying that the contractor will be charged two percent (2%) late fee/interest on the principal amounts owed from the original due date.

   The initial notice should warn that failure to submit the outstanding payments and/or reports within fifteen (15) days from the date on the initial delinquency notice will result in the assessment of additional late fee/interest.

   (b) **Second Notice – 4% Late Fee/Interest.** Send a second delinquency notice to every contractor that fails to respond to the initial delinquency notice within fifteen (15) days

1

CMRCC 000120

EXHIBIT A

from the date on the first notice specifying that the contractor will be charged four percent (4%) late fee/interest on the principal amounts owed from the original due date.

The second notice should warn that failure to submit the outstanding payments and/or reports within fifteen (15) days from the date on the second delinquency notice may result in: 1) the assessment of additional late fee/interest; 2) the referral to Collection Counsel for collection; and 3) the payment of attorney's fees and collection costs.

Whenever possible, the Third-Party Administrator should also attempt to notify the Union's Senior Business Representative of all delinquent contractors from his/her area that received a second delinquency notice.

(c) **Referral to Collection Counsel.** The Third-Party Administrator will refer all matters to Collection Counsel for collection that meet one of the following conditions:

(i)     The contractor has failed to respond to the second delinquency notice within fifteen (15) days from the date on the second delinquency notice and the total amount of contributions, liquidated damages and/or late fee/interest, if known, equals or exceeds $1,000.00;

(ii)    The contractor has failed to submit contribution reports for at least two (2) periods; or

(iii)   The Third-Party Administrator or Union is aware of facts suggesting that collection efforts should be accelerated (e.g., delinquent contractor has gone out of business or is liquidating).

(iv)    Matters that do not meet the above criteria for referral shall remain with the Third-Party Administrator's Collection Coordinator who shall use administrative collection efforts until such time as the matter meets the above criteria.

2.  **Collection Counsel Demand Letter – Additional 6% Late Fee/Interest.** Upon receipt of all matters referred for collection, Collection Counsel shall send a demand letter to the contractor for the outstanding payments and/or reports specifying that the contractor shall be charged ten percent (10%) late fee/interest on the outstanding contributions owed from the original due date.

The demand letter from Collection Counsel shall warn that failure to remit the outstanding payments and/or reports within fifteen (15) days from the date of the demand letter will result in: 1) the initiation of a collection lawsuit being filed; 2) the payment of attorney's fees and collection costs; 3) the assessment of late fee/interest at ten percent (10%) per year or partial year on the outstanding contributions; and 4) a one-time liquidated damages charge of ten percent (10%) of the outstanding contributions.

2

CMRCC 000121

3. **Collection of Late Fee/Interest and/or Liquidated Damages.** For every delinquent contractor that owes unpaid late fee/interest and/or liquidated damages assessments only, the Third-Party Administrator will attempt to make the following administrative collection efforts:

   (a) **First Notice.** Send an initial notice to the contractor for any assessed and unpaid interest within approximately thirty (30) days of the Third-Party Administrator's receipt of the delinquent contributions and/or deductions.

   (b) **Second Notice.** Send a second notice to every contractor that fails to respond to the first notice within fifteen (15) days from the date on the first notice. The second notice should warn that failure to pay the outstanding late fee/interest and/or liquidated damages within fifteen (15) days from the date on the second notice may result in: 1) the referral to Collection Counsel for collection; and 2) the payment of attorney's fees and collection costs.

   (c) **Referral to Collection Counsel.** The Third-Party Administrator will refer all delinquent late fee/interest and/or liquidated damages matters to Collection Counsel for collection in accordance with Section B(1)(c) above.

   Collection Counsel shall send a demand letter to the delinquent contractor and if no response is received within fifteen (15) days from the date of the demand letter, may initiate a lawsuit to collect outstanding late fee/interest and/or liquidated damages charges together with any attorney's fees and costs incurred, provided the amount of late fee/interest and/or liquidated damages owed by the delinquent contractor equals or exceeds $2,000 if there are no other known contributions or reports owed by the contractor.

## C. Payment Agreements

1. Collection Counsel may extend the time for paying delinquent contributions, liquidated damages, late fee/interest and/or attorney's fees through a written settlement agreement, subject to the following conditions:

   (a) The Payment Agreement is for a period of no more than thirty-six (36) months from inception; and

   (b) Interest at the rate of Prime plus two percent (2%) is amortized over the payment period.

   (c) The Payment Agreement may be extended beyond the thirty-six (36) month period upon approval from the Boards of Trustees.

## D. Waiver of Liquidated Damages and/or Late Fee/Interest

1. All requests for waivers of liquidated damages and/or late fee/interest must be submitted by the contractor in writing to the Third-Party Administrator and/or Collection Counsel for

3

CMRCC 000122

presentation and approval by the Boards of Trustees at their regular quarterly meetings. The Boards of Trustees shall have complete discretion to approve or deny such requests.

### E. Payroll Compliance Audit Procedures

1. The Third-Party Administrator, in coordination with the Trust Funds' Payroll Auditor, shall administer a payroll compliance program for all contributing contractors. The following types of payroll compliance audits shall be conducted as appropriate:

   (a) Regular/Random Audit. Insofar as practicable, there shall be a minimum of ninety (90) contributing contractors audited each calendar year on a random basis with the goal of auditing every contributing contractor no less than once every five (5) years. The Payroll Auditor shall randomly select contributing contractors to be audited each calendar year for the one-year period from the last calendar quarter immediately preceding the audit request. The payroll auditor, in his/her discretion, may recommend that the one-year audit period be expanded based on a finding of significant deficiencies or other information.

2. The following payroll audits may also be conducted at any time:

   (b) Exit Audit. Contributing contractors that cease contributing to the Trust Funds including but not limited to, the Union's receipt of bond cancellation notices.

   (c) Special Audit. The Trustees, Third-Party Administrator, Collection Counsel or any other Fund professional may seek to conduct a special payroll compliance audit of any contributing contractor, at any time, and for any reason not specifically enumerated above based on information or a reasonable belief that the contractor may have failed to report and remit all required hours and contributions.

3. **Audit Fees.** The contractor shall be liable for the costs of the audit for contribution variances that equal or exceed the greater of $1,000 or five percent (5%) of the required contributions for the audited period. The contractor may also be held liable for the audit costs when the auditor determines in his/her discretion that the contractor failed to cooperate with the auditor resulting in more time being expended by the auditor than reasonably expected. All requests to waive audit fees shall by presented to the Boards of Trustees.

4. **Late Fee/Interest and Liquidated Damages.** Ten percent (10%) late fee/interest per year or partial year and a one-time ten percent (10%) liquidated damages charge shall be assessed to all principal variances found by the payroll audit. Any contractor requests to waive late fee/interest and/or liquidated damages shall be made pursuant to Section (D)(1) above.

5. **Attorney's Fees.** The contractor shall be liable for the costs incurred in collecting any variance, late fee/interest, liquidated damages or audit fees, as well as those costs associated with compelling the contractor's compliance with a payroll audit regardless of

4

CMRCC 000123

EXHIBIT A

whether a variance is found.  All requests to waive attorney's fees shall by presented to the applicable Boards of Trustees.

6.  Upon completion of each payroll compliance audit, the auditor shall provide a report and schedule of variances, including any applicable liquidated damages and late fee/interest charges, to Collection Counsel, who shall initiate collection in accordance with the above procedures.

## F. Overpayment of Employer Contributions

1.  Overpayments found during the course of a payroll audit may be used to offset any deficiencies found for the same audit period, provided the Contractor is otherwise current in all other respects.

2.  Overpayments to the Defined Contribution Pension Fund that have already been deposited into a Participant's account generally will not be refunded and/or credited back to the contractor; however, the contractor can submit a written refund request that the Trustees in their discretion may consider.  In no event will a credit or refund be available for an overpayment if the overpayment has been distributed.

The Boards of Trustees each adopted this Policy by a duly passed Motion on Sept 14 & 15th, 2021 that gives authority to the Chairman and Secretary for each of the Funds to sign on behalf of the respective Funds.

**Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund**

_____
Chairman

_____
Secretary

Date: _____

Date: _____

**Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Fund**

_____
Chairman

_____
Secretary

Date: _____

Date: _____

5

CMRCC 000124

**Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund**

_____
Chairman

Date: _____

_____
Secretary

Date: ___12/7/21___

**Indiana State Council of Carpenters Pension Fund**

_____
Chairman

Date: _____

_____
Secretary

Date: _____

**Indiana Carpenters Pension Fund**

_____
Chairman

Date: ___12/6/21___

_____
Secretary

Date: ___12/6/21___

6

CMRCC 000125

EXHIBIT B

| ITEMIZATION OF CONTRIBUTIONS/DEDUCTIONS OWED TO UNION | | | | |
|---|---|---|---|---|
| January 2023 - May 2023 | | | | |
| **HOURS** | | **WAGE RATE** | **% OF GROSS** | **AMOUNT** |
| 2,727.55 | | | | |
| DUES | $3,267.74 | $34.23 | 3.50% | 1.20 |
| WORKING ASSMT | $190.93 | $0.07 | | |
| MKT REC | $1,363.78 | $0.50 | | |
| VACATION | $2,727.55 | $1.00 | | |
| IUCSAT | $218.20 | $0.08 | | |
| CAPCI | $190.93 | $0.07 | | |
| INTL TRAINING FUND | $327.31 | $0.12 | | |
| CIP | $109.10 | $0.04 | | |
| CTLM | $54.55 | $0.02 | | |
| **Total** | **$8,450.09** | | | |
| June 2023 - December 2023 | | | | |
| **HOURS** | | **WAGE RATE** | **% OF GROSS** | **AMOUNT** |
| 1,307.75 | | | | |
| DUES | $1,629.91 | $35.61 | 3.50% | 1.25 |
| WORKING ASSMT | $104.62 | $0.08 | | |
| MKT REC | $653.88 | $0.50 | | |
| VACATION | $1,307.75 | $1.00 | | |
| IUCSAT | $104.62 | $0.08 | | |
| CAPCI | $91.54 | $0.07 | | |
| INTL TRAINING FUND | $170.01 | $0.13 | | |
| CIP | $52.31 | $0.04 | | |
| CTLM | $26.16 | $0.02 | | |
| **Total** | **$4,140.79** | | | |
| | | | | |
| | | | | |
| **GRAND TOTAL OWED** | **$12,590.88** | | | |

Page 1 of 1

CMRCC 000168